IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA


ROBERT SWIMMER,

      Plaintiff

                                                  CASE NO.:

v.

WOODSPRING SUITES
PROPERTY MANAGEMENT, LLC,
a Kansas limited liability company,
          Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

      Plaintiff ROBERT SWIMMER ("Mr. Swimmer"), by and through his undersigned

counsel, hereby sues Defendant WOODSPRING SUITES PROPERTY MANAGEMENT, LLC,

a Kansas limited liability company ("WOODSPRING"), and states as follows:

### JURISDICTION AND VENUE

      1.     This action is instituted pursuant to the Fair Labor Standards Act ("FLSA"),

regarding unpaid overtime wages owed to the Plaintiff, and for Defendant's retaliation against

Mr. Swimmer for complaining about WOODSPRING's violation of the FLSA.

      2.     Subject matter jurisdiction exists with this Court pursuant to 29 U.S.C. § 216(b).

      3.     The claims asserted herein involve damages in excess of $15,000.00, exclusive of

any and all claims for prejudgment interest, costs, and attorney's fees.

      4.     Mr. Swimmer is a citizen of the State of Florida, who at all times relevant herein

has resided in Orange County, Florida.

      5.     WOODSPRING is a Kansas limited liability company which operates, conducts,

engages in, and/or carries on a business or business venture in this state. As such, this Court has

personal jurisdiction over WOODSPRING pursuant to Fla. Stat. § 48.193(1)(a)(1)(2016).

6.      Venue is proper in this Court, because a substantial part of the events giving rise to Mr. Swimmer's claim, including his performance of work for which he was not properly compensated by WOODSPRING, occurred in Orange County, Florida.

## GENERAL ALLEGATIONS

7.      Defendant WOODSPRING is part of a larger enterprise known as "Woodspring Hotels" that operates numerous "extended stay" hotels throughout the country under the brand names "Woodspring Suites" and "Value Place." At all times material to this Complaint, WOODSPRING employed the Plaintiff as a safety attendant at the Woodspring Hotels location at 216 South Goldenrod Road, Orlando, FL 32807.

8.      Mr. Swimmer has been employed by WOODSPRING since October, 2011.

9.      Mr. Swimmer is a non-exempt, hourly wage employee for WOODSPRING.

10.     Mr. Swimmer is WOODSPRING's "employee," and WOODSPRING is Mr. Swimmer's "employer," as such terms defined by the FLSA, 29 U.S.C. § 203(d) and (e)(1).

11.     WOODSPRING is an "enterprise engaged in commerce or in the production of goods or commerce" covered by the FLSA, as defined by 29 U.S.C. § 203(r) and (s).

12.     Mr. Swimmer was also engaged in interstate commerce and used the instrumentalities of interstate commerce.

13.     Upon information and belief, at all time material to this Complaint, WOODSPRING's annual gross volume of sales made or business completed exceeded $500,000 per year.

14.     From April of 2014 until just a few months ago, Mr. Swimmer regularly worked in excess of forty (40) hours per week.

2

15.   Mr. Swimmer had no choice but to work more than forty (40) hours during some workweeks in order to meet the obligations of his job and employer.

16.   Mr. Swimmer does not qualify for the professional, executive, administrative, or any other exemptions from overtime compensation.

17.   Mr. Swimmer is a non-exempt employee, and, thus, is entitled to overtime wages for any hours he worked in excess of forty (40) in any workweek.

18.   All conditions precedent to the filing of this action have occurred, been waived, or their performance is otherwise excused.

19.   As a result of the Defendant's actions, Mr. Swimmer has retained the undersigned counsel to represent him in this instant action, and is obligated to pay the undersigned a reasonable fee.

## COUNT I: VIOLATION OF THE FLSA – UNPAID OVERTIME

20.   Plaintiff hereby reincorporates and realleges paragraphs 1 through 19 above, as if fully set forth herein.

21.   Pursuant to 29 U.S.C. § 207(a)(1), WOODSPRING is required to pay Mr. Swimmer for all hours he works over forty (40) in any work week at the rate of one and one half times Mr. Swimmer's regular rate of pay.

22.   Mr. Swimmer, who is a non-exempt employee of WOODSPRING, was not paid overtime wages by WOODSPRING, despite working substantially in excess of forty (40) hours regularly.

3

23.     Because WOODSPRING did not compensate Mr. Swimmer for the hours he worked in excess of forty (40) hours per workweek, WOODSPRING has violated and failed to comply with the overtime requirements of the FLSA.

WHEREFORE, Plaintiff ROBERT SWIMMER respectfully requests judgment against defendant WOODSPRING SUITES for the following: all of his unpaid overtime compensation at the rate of one and one-half times Mr. Swimmer's regular rate of pay in an amount to be proven at trial; as well as an equal amount for liquidated damages; plus interest, attorney's fees and costs of bringing this action.

## COUNT II: VIOLATION OF THE FLSA – RETALIATION

24.     Plaintiff hereby reincorporates and realleges paragraphs 1 through 19 above, as if fully set forth herein.

25.     This is an action for violation of the FLSA's non-retaliation provision, 29 U.S.C. § 207(a)(1).

26.     In June of 2016, Mr. Swimmer, through his counsel, sent Defendant WOODSPRING's counsel a demand to properly compensate Plaintiff for unpaid wages under the FLSA.

27.     In August of 2016, the undersigned sent Defendant WOODSPRING's counsel a second demand for Defendant WOODSPRING to pay Mr. Swimmer for unpaid overtime wages owed to the Plaintiff under the FLSA.

28.     By sending these demands through counsel, Mr. Swimmer engaged in a protected activity under the FLSA.

4

29.     After receiving these demands, Defendant WOODSPRING, suddenly, and without either explanation or justification, drastically reduced the hours of work offered to Mr. Swimmer for work.

30.     This reduction in hours available to Mr. Swimmer for work by Defendant WOODSPRING was an adverse action.

31.     There exists a causal connection between the protected activity engaged in by Mr. Swimmer and the adverse action taken by Defendant WOODSPRING.

32.     As a result of Defendant WOODSPRING's conduct, Mr. Swimmer has suffered damages in an amount to be proven at trial.

WHEREFORE, Plaintiff ROBERT SWIMMER respectfully requests judgment against defendant WOODSPRING PROPERTY MANAGEMENT, LLC for damages in an amount to be proven at trial; as well as an equal amount for liquidated damages; plus interest, attorney's fees and costs of bringing this action.

### REQUEST FOR JURY TRIAL

Pursuant to Rule 1.430 of the Florida Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues in this action so triable.

Respectfully submitted this 28th day of October, 2016.

_/s/Andrew C. Hill_____
Andrew C. Hill
Florida Bar No. 46755
NeJame Law, P.A.
189 S. Orange Avenue, Ste. 1800
Orlando, Florida 32801
(407) 500-0000 – Telephone
(407) 245-2980 – Facsimile
civilservice@nejamelaw.com
andrew@nejamelaw.com
darlene@nejamelaw.com
Attorney for Plaintiff

5