# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ROBERT SWIMMER,**

      **Plaintiff,**

v.                                       Case No: 6:16-cv-2072-Orl-22GJK

**WOODSPRING SUITES PROPERTY MANAGEMENT, LLC,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** JOINT RENEWED MOTION FOR REVIEW AND APPROVAL OF SETTLEMENT AGREEMENT AND ORDER OF JUDGMENT DISMISSING CASE WITH PREJUDICE (Doc. No. 38)
>
> **FILED:** May 2, 2018
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### I. BACKGROUND.

On October 28, 2016, Plaintiff instituted this action against Defendant for unpaid overtime compensation and retaliation under the Fair Labor Standards Act (the "FLSA") in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. Doc. No. 1-1. On December 1, 2016, Defendant removed the action to this Court. Doc. No. 1. On April 18, 2018, the parties filed a joint motion for approval of their settlement agreement. Doc. No. 35. On April 23, 2018, the motion was denied because Plaintiff's counsel, who had obligations under the settlement agreement, did not sign the settlement agreement, and the parties did not address whether the no-

reemployment clause was fair. Doc. No. 37. On January 18, 2018, the parties filed a renewed joint motion for approval of their new settlement agreement (the "Motion").[1] Doc. No. 38.

## II. LAW.

In *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable. *Id*. Before approving an FLSA settlement, the Court must scrutinize it to determine if it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id*. at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

(1) the existence of collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;

---

[1] In the Motion, the parties represent that Plaintiff's counsel's obligations under the previous settlement agreement have been removed from it. Doc. No. 38 at 3.

>（3) the stage of the proceedings and the amount of discovery completed;
>(4) the probability of plaintiff's success on the merits;
>(5) the range of possible recovery; and
>(6) the opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, Case No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net[.]")).[3] In *Silva*, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

> wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir. 1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D. Fla. 2008).

307 F. App'x at 351-52. For the Court to determine whether the proposed settlement is reasonable, plaintiff's counsel must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorney's fees, costs or expenses pursuant to a contract between the plaintiff and counsel, or otherwise. *Id*. When a plaintiff receives less than a full recovery, any payment from plaintiff's recovery above a reasonable fee improperly detracts from the plaintiff's recovery.[4] Thus, a potential conflict can arise between counsel and client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs.[5] It is the Court's responsibility to ensure that any such allocation is reasonable. *Id.* As the Court interprets the *Lynn's Food Stores, Inc.* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorney's fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

An alternative means of demonstrating the reasonableness of attorney's fees and costs was set forth in *Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009). In *Bonetti*, the Honorable Gregory A. Presnell held:

---

[4] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[5] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) *represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.*

*Id.* at 1228 (emphasis added). Judge Presnell maintained that if the matter of attorney's fees "[is] addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Id*. The undersigned finds this reasoning persuasive.

### III.  ANALYSIS.

#### A. Settlement of FLSA Claims.

This case involves disputed issues of liability under the FLSA, which constitutes a bona fide dispute. Doc. No. 38 at 5-7. In Plaintiff's answers to the Court's Interrogatories, Plaintiff claimed he was owed $97,027.84 in unpaid overtime, and an equal amount in liquidated damages. Doc. No. 17 at 8. Under the settlement agreement now before the Court (the "Agreement"), Plaintiff agreed to accept $4,566.67 in unpaid wages and overtime, $4,566.67 to settle his retaliation claim, and $4,566.67 as separate consideration for "Plaintiff's global release of any and all other claims against [Defendant], and all other terms of the Agreement, including, but not limited to non-disclosure, confidentiality, non-disparagement, no reemployment, tax indemnification, and return of company documents . . . ." Doc. No. 38-1 at 3-4. Since Plaintiff is receiving substantially less than the amount he claimed, he compromised his claim under the FLSA. *See Caseres v. Texas de Brazil (Orlando) Corp.*, 6:13-cv-1001-Orl-37KRS, 2014 WL

12617465, at *2 (M.D. Fla. April. 2, 2014) ("Because [plaintiff] will receive under the settlement agreement less than she averred she was owed under the FLSA, she has compromised her claim within the meaning of *Lynn's Food Stores*.").

The case involves disputed issues regarding FLSA liability, which constitutes a bona fide dispute. Doc. No. 38 at 5-7. The parties represent that binding law supports Defendant's position that Plaintiff's claims for compensation while being on call are not compensable. *Id.* at 5. Defendant also disputed Plaintiff's retaliation claim with evidence that "in some instances, Plaintiff's hours increased or remained the same following his demand letters." *Id.* at 7. After receiving sufficient information to make informed decisions, the parties decided to settle their dispute. *Id.* at 5. Considering the foregoing, and the strong presumption favoring settlement, the settlement amount is fair and reasonable.

### B. Attorney's Fees.

Under the Agreement, Plaintiff's counsel will receive $5,300.00 for attorney's fees and costs. Doc. No. 38-1 at 3. In the Motion, the parties represent attorney's fees and costs were negotiated separate and apart from Plaintiff's recovery. Doc. No. 38 at 9. The settlement is reasonable on its face, and the parties' foregoing representation adequately establishes the reasonableness of the attorney's fees under the Agreement. *See Bonetti*, 715 F. Supp. 2d at 1228.

### C. General Release, Non-Disparagement, Confidentiality, and No Reemployment Provisions.

The Agreement contains a general release of any and all claims Plaintiff may have against Defendant, a non-disparagement clause, a confidentiality clause, and a no reemployment clause. Doc. No. 38-1 at 4, 5, 7. Plaintiff is receiving an additional $4,566.67 as consideration for these conditions and all the other terms of the Agreement. *Id.* at 3-4.

Courts within this District have questioned the propriety of such provisions when

evaluating the fairness and reasonableness of FLSA settlements. With regard to general releases, U.S. District Judge Steven D. Merryday explained:

> An employee seeking to vindicate his FLSA rights often desperately needs his wages, and both the employee and the employer want promptly to resolve the matter. In a claim for unpaid wages, each party estimates the number of hours worked and the plaintiff's wage (i.e., establishes a range of recovery), and the court evaluates the relative strength of the parties' legal argument asserted in the particular case. However, in an FLSA action, neither party typically attempts to value the claims not asserted by the pleadings but within the scope of a pervasive release—that is, those "known and unknown," or "past, present, and future," or "statutory or common law," or other claims included among the boiler plate, but encompassing, terms unfailingly folded into the typical general release. Absent some knowledge of the value of the released claims, the fairness of the compromise remains indeterminate.

*Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351–52 (M.D. Fla. 2010). Additionally, Courts within this circuit routinely reject confidentiality clauses in FLSA settlement agreements because they "'thwart[] Congress's intent to ensure widespread compliance with' the FLSA." *Pariente v. CLC Resorts and Devs., Inc.*, No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5 (M.D. Fla. Oct. 24, 2014). Such provisions are rejected because they are inherently unenforceable due to the public filing of the settlement agreements containing the confidentiality clauses. *See Housen v. Econosweep & Maint. Servs., Inc.*, No. 3:12-cv-461-J-34TEM, 2013 WL 2455958, at *2 (M.D. Fla. Jun. 6, 2013) (confidentiality clauses are unenforceable when the settlement agreement is filed on the public docket and citing authority). Nevertheless, courts approve general releases, non-disparagement, and confidentiality provisions when separate consideration is given. *See Middleton v. Sonic Brands L.L.C.*, Case No. 6:13–cv–386–Orl–28KRS, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (approving a settlement agreement providing $100 as separate consideration for a general release); *Bright v. Mental Health Res. Ctr.*, No. 3:10–cv–427–J–37TEM, 2012 WL 868804, at *5 (M.D. Fla. Mar. 14, 2012) (approving the settlement agreement as to one employee

who signed a general release in exchange for the employer foregoing its counterclaims against her); *Smith v. Aramark Corp.*, Case No. 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *3-4 (M.D. Fla. Nov. 4, 2014) (approving FLSA settlement providing separate consideration for confidentiality and non-disparagement clauses).

The Agreement states that consideration was given for the general release, non-disparagement, and confidentiality provisions. Doc. No. 38-1 at 3. These conditions have been approved when the plaintiff is provided separate consideration. *See Middleton*, 2013 WL 4854767, at *3; *Weldon*, No. 6:14–cv–79–Orl–37TBS, 2014 WL 4385593, at *4; *Smith v. Aramark Corp.*, Case No. 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *3-4. Accordingly, these conditions are fair and reasonable.

Regarding no reemployment clauses, they are different from general releases, in that the plaintiffs, as former employees of the defendants, know exactly what they are relinquishing when they agree not to seek future employment with the defendants. There is no indication that the no reemployment clause here undermines the fairness of the Agreement. The parties assert that Plaintiff "secured employment elsewhere" and that he was terminated from Defendant for cause, and thus is ineligible for reemployment. Doc. No. 38 at 13. Also, as detailed above, Plaintiff received additional consideration for agreeing to the no reemployment clause. Doc. No. 38-1 at 3-4. The undersigned finds that the no reemployment clause does not preclude approval of the Agreement.

## IV. <u>CONCLUSION</u>.

Based on the foregoing, it is **RECOMMENDED** as follows:

1. That the Motion (Doc. No. 38) be **GRANTED**;

2. That this case be **DISMISSED with prejudice**; and

3. That the Clerk be directed to close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1. **To expedite the final disposition of this matter, if the parties have no objection to this report and recommendation, then they may promptly file a joint notice of no objection**.

**RECOMMENDED** in Orlando, Florida, on May 9, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties